


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIE EARL TURNER, Qui Tam Plaintiff on behalf of himself and the United States,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

Defendants.

Case No.: 15CV424 BEN (NLS)

**ORDER GRANTING MOTION TO PROCEED IFP, SUA SPONTE DISMISSING COMPLAINT AND DENYING APPOINTMENT OF COUNSEL**

[Docket No. 2-3, 5]

Plaintiff Willie Earl Turner, proceeding pro se, has filed a Complaint that appears to assert a claim under the False Claims Act ("FCA") on behalf of the United States. (Docket No. 1.) Plaintiff has not paid the civil filing fee required to commence this action, but has filed a motion to proceed in forma pauperis ("IFP"). (Docket No. 2.) Plaintiff also filed a motion for appointment of counsel. (Docket No. 3.) For the reasons set forth below, the Court **GRANTS** the motion to proceed IFP, *sua sponte* screens and **DISMISSES** the Complaint for failing to state a claim, and **DENIES** the motion for appointment of counsel.

///

## DISCUSSION

### I. Motion to Proceed IFP

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The information provided in Plaintiff's affidavit reflects that he is unable to pay the fee to pursue this action. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

### II. *Sua Sponte* Screening

An IFP complaint is subject to mandatory screening. Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

It appears that Plaintiff is attempting to assert a claim under the FCA of behalf of the United States. "Under the False Claims Act ("FCA"), '[a]ny person' who, among other things, 'knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval' is

liable to the Government for a civil penalty, treble damages, and costs." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007) (quoting 31 U.S.C. § 3729(a)(1)). Plaintiff is attempting to bring a qui tam action and seek a share of any amount recovered in this action. (Compl. ¶ 2.) "The FCA authorizes a private person, known as a relator, to bring a qui tam civil action 'for a violation of section 3729 for the person and for the United States Government .... in the name of the Government.'" *Stoner*, 502 F.3d at 1120 (quoting 31 U.S.C. § 3730(b)(1)).

Plaintiff fails to state a claim under the FCA. Much of Plaintiff's Complaint describes his unsuccessful efforts to obtain disability benefits in the 1960s and retirement benefits at some later time from the Social Security Administration. Plaintiff also describes various tax credits he believes he would otherwise have been entitled to, *e.g.* Economic Stimulus Payment, being wrongfully taken by the United States to pay student loan debts. Other allegations suggest that Plaintiff may be claiming that these debts were incurred by identity thieves, although this is somewhat unclear. Plaintiff also describes discovering in the 1980s that his father was the victim of identity thieves in the 1940s. Plaintiff seems to be alleging that numerous named Defendants, most are federal agencies, were either duped by these identity thieves or conspiring with them to improperly pay out money. But there are no facts alleged that would support such a claim; just conclusory allegations of a conspiracy between a myriad of federal agencies and unidentified identity thieves. None of these allegations give rise to a claim under the FCA and might also be considered frivilous.

Additionally, Plaintiff cannot bring a qui tam action on behalf of the United States without counsel. *Stoner*, 502 F.3d at 1126 (finding a pro se relator cannot prosecute a qui tam action because unrepresented individuals are not authorized to bring an action in federal court on behalf of others, including the United States).

Finally, assuming Plaintiff could state an FCA claim, federal agencies are not proper Defendants for a qui tam action under the FCA. Not only is this the equivalent of

the United States suing the United States, but the United States has not waived sovereign immunity as to FCA claims. *Taxpayers of the U.S. v. Bush*, 2004 WL 3030076, *5 (C.D. Cal. Dec. 30, 2004) (finding FCA contains no waiver of sovereign immunity); *Juliano v. Fed. Asset Disposition Ass'n*, 736 F. Supp. 348, 351-53 (D.D.C. 1990) (declining to expand FCA to allow a qui tam suit against a federal agency where not provided for under the statute); *see also Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (finding suits against federal agencies are suits against the United States and the United States is immune absent waiver of sovereign immunity)

Accordingly, the Complaint is **DISMISSED** because it fails to allege sufficient factual matter, accepted as true, to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Although the Court finds it unlikely Plaintiff will be able to state a claim, the Court grants Plaintiff leave to file a First Amended Complaint ("FAC") that cures the deficiencies noted above and retain counsel if he intends to pursue a FCA claim on behalf of the United States. If Plaintiff files a FAC, it must be filed within **45 calendar days** of the date of this Order and be complete in itself without reference to Plaintiff's initial Complaint. *See* Civil LR 15.1.

## III. Appointment of Counsel

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the

[plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Complaint shows no likelihood of success on the merits and the only complexity of the legal issues involved is the attempt to apply the FCA to facts that do not give rise to a claim. Because this case does not present exceptional circumstances, Plaintiff's request for appointment of counsel is **DENIED.**

**CONCLUSION**

Plaintiff's motion to proceed IFP is **GRANTED**. Plaintiff's Complaint is *sua sponte* **DISMISSED**. If Plaintiff wishes to file a FAC, it must be filed within **45 days** of the date this Order is filed. Plaintiff's motion to appoint counsel is **DENIED**. The Government's pending motion to dismiss the Complaint is **DENIED** as moot given the Complaint has been dismissed. If Plaintiff does not file a FAC within 45 days, this case will remain dismissed and closed.

**IT IS SO ORDERED.**

DATED: 8/10/15

Hon. Roger T. Benitez
United States District Court